## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARL COATES,<br>    Plaintiff<br>v.<br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br>    Defendant | Civil Action No. 15-2006 (CKK) |

## MEMORANDUM OPINION AND ORDER
(August 31, 2016)

This case stems from a violent incident that occurred on a Washington Metropolitan Area Transit Authority ("WMATA") bus on August 21, 2015.[1] Plaintiff Earl Coates alleges that armed gunmen approached the bus at a bus stop and turned off its power by accessing an unlocked "shutoff panel" on the bus's exterior. The gunmen then attacked the bus, firing multiple gunshots before fleeing. Plaintiff, a passenger on the bus, was struck twice and injured. He brings this lawsuit against WMATA asserting several negligence-based causes of action, including a request for punitive damages.

Before the Court is Defendant WMATA's [5] Motion to Dismiss. WMATA argues that Plaintiff's claims are barred by the doctrine of sovereign immunity. Specifically, WMATA argues that it is immune from negligent design claims and that the gravamen of Plaintiff's Complaint is that WMATA was negligent in designing its buses to include unlocked exterior shutoff panels. WMATA also argues that it is immune from claims for punitive damages.

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mot. to Dismiss ("Defs.' Mot."), ECF No. 5;
- Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 7; and
- Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Defs.' Reply"), ECF No. 8.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

Upon consideration of the pleadings, the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS IN PART and DENIES IN PART WMATA's Motion to Dismiss. The Court agrees with WMATA that Plaintiff's claims are barred by the doctrine of sovereign immunity to the extent they are premised on WMATA's use of unlocked shutoff panels on its buses. The Court also agrees with WMATA that Plaintiff's request for punitive damages is barred. However, Plaintiff's Complaint also contains allegations regarding allegedly negligent actions of WMATA's bus driver that are separate and distinct from WMATA's decision to use unlocked shutoff panels. To the extent Plaintiff's claims are based on these allegations, they are not barred by WMATA's sovereign immunity. WMATA's other arguments for dismissing these claims were raised for the first time in WMATA's [8] Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, and will not be considered at this time.

Accordingly, WMATA's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's claims are DISMISSED to the extent they are predicated on the design of the shutoff panels on WMATA's buses. Plaintiff's request for punitive damages is also DISMISSED. WMATA's Motion to Dismiss is DENIED to the extent Plaintiff's claims are based on the actions of WMATA's bus driver that are unrelated to the unlocked shutoff panels.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014). The Court recites only the background necessary for the Court's resolution of the pending Motion to Dismiss.

On August 21, 2015, Plaintiff was a passenger on a WMATA bus travelling on the W8 Anacostia Loop route in Washington, D.C. Compl., ECF No. 1-3, ¶¶ 6-7. After making what appeared to be a normal stop, the WMATA bus driver opened the door for an individual waiting at the bus stop. *Id.* ¶¶ 8-9. The individual refused to board the bus, and the WMATA driver eventually closed the door. *Id.* ¶ 10. Before the bus could drive away, however, another individual disabled the bus by accessing the shutoff panel on its exterior. *Id.* ¶¶ 11-12. The shutoff panels on WMATA's buses are unlocked and labeled with the words "Battery Disconnect Switch Inside." *Id.* ¶ 13.

After the bus's power was cut off, the bus driver left the bus, leaving the bus passengers "stranded" in the dark. *Id.* ¶¶ 14, 30. The driver did not inform the passengers about the situation. *Id.* ¶ 30. The driver "abandon[ed] the bus" and made no attempt to turn the bus's power back on. *Id.* ¶¶ 15, 30. While the passengers were waiting on the bus in the dark, an individual fired a gun into the bus, striking Plaintiff twice. *Id.* ¶¶ 17, 19. The bus driver did not attempt to contact any authorities or officials to report the situation. *Id.* ¶ 30.

Based on these allegations, Plaintiff asserts several negligence-based causes of action, including a request for punitive damages. *Id.* ¶¶ 24-42. WMATA moves to dismiss under Federal Rules of Procedure 12(b)(1) and 12(b)(6).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984) ("It is the burden of the party claiming subject matter jurisdiction to demonstrate that it exists."). A court must accept as true all factual allegations contained in the complaint when

3

reviewing a motion to dismiss pursuant to Rule 12(b)(1). *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) ("As it must on motions to dismiss for failure to state a claim, a district court considering a motion to dismiss for lack of subject matter jurisdiction accepts the allegations of the complaint as true."). "Where necessary to resolve a jurisdictional challenge under Rule 12(b)(1), 'the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id*. (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

### B. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted).

### III. DISCUSSION

WMATA argues that Plaintiff's claims are barred by the doctrine of sovereign immunity. As explained in more detail below, the Court agrees that Plaintiff's claims are barred by sovereign immunity to the extent they are factually premised on WMATA's use of unlocked shutoff panels on its buses. However, the Court concludes that Plaintiff's claims are not barred to the extent they are premised on allegedly negligent actions of WMATA's bus driver. The Court will not consider WMATA's other arguments for dismissing such claims, as they were raised for the first time in WMATA's Reply brief. Finally, the Court agrees with WMATA that Plaintiff's request for punitive damages is barred.

### A. WMATA's Sovereign Immunity Under The Compact

WMATA was created as the result of a compact signed by Maryland, Virginia, and the District of Columbia and consented to by Congress (the "Compact"), and is therefore an instrumentality of Maryland, Virginia, and the District of Columbia. *See* D.C. Code § 9–1107.01 *et seq.*; *see also Burkhart v. WMATA,* 112 F.3d 1207, 1216 (D.C. Cir. 1997). As such, WMATA "is protected against common law tort actions by sovereign immunity." *Banneker*, 798 F.3d at 1138. "District courts lack subject matter jurisdiction to enter judgment against WMATA unless its limited waiver of immunity applies." *Id*. Section 80 of the Compact waives immunity for tort claims "committed in the conduct of any proprietary function," but not for torts committed "in the performance of a governmental function." *Id*. (quoting D.C. Code Ann. § 9-1107.01(80)).

"'Because it is difficult to distinguish between public and private sector functions with any precision,' we ask whether the claim seeks to impose liability for conduct that is discretionary, in which case the claim is barred by immunity, or ministerial, in which case the claim may proceed." *Id*. (quoting *Beebe v. Washington Metro. Area Transit Auth.*, 129 F.3d

1283, 1287 (D.C. Cir. 1997)).[2] "Discretionary duties generally 'involve[ ] judgment, planning, or policy decisions' and are immunized as reflecting sovereign choices." *Id.* (quoting *KiSKA Const. Corp. v. Washington Metro. Area Transit Auth.*, 321 F.3d 1151, 1159 n.9 (D.C. Cir. 2003)). "Merely ministerial duties, which can 'involve[ ] enforcement or administration of a mandatory duty at the *operational level,* even if professional expert evaluation is required,' are treated as not exercising distinctively sovereign powers and so are not immunized." *Id.* (emphasis in original).

The D.C. Circuit applies a two-part test to determine whether conduct is discretionary or ministerial. First, a court must ask whether "any statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Id.* (quoting *KiSKA,* 321 F.3d at 1159). "If the tort claim arises from a WMATA employee's failure to act as the law specifically prescribes, the conduct is not shielded by immunity. If the law leaves the conduct in question to the official's discretion, we then ask 'whether the exercise of discretion is grounded in social, economic, or political goals.'" *Id.* "Only actions grounded in such discretion retain 'governmental function' immunity." *Id.*

### B. Plaintiff's Claims Premised On The Use Of Unlocked Shutoff Panels Are Barred By WMATA's Sovereign Immunity

Applying the preceding test, the Court concludes that Plaintiff's claims are barred by WMATA's sovereign immunity to the extent they are based on WMATA's use of unlocked shutoff panels on its buses. WMATA argues that the gravamen of Plaintiff's Complaint is that WMATA negligently designed the shutoff panels on its buses such that they are unlocked.

---

[2] In addition, "[i]f an activity is a 'quintessential[ ] governmental' function, such as 'police activit[y],' it is within the scope of WMATA's sovereign immunity." *Burkhart,* 112 F.3d at 1216 (quoting *Dant v. D.C.*, 829 F.2d 69, 74 (D.C. Cir. 1987)). No such functions are at issue in this case.

Def.'s Mot. at 6. WMATA claims that its design decisions regarding its buses are "governmental" actions, for which it enjoys sovereign immunity. *Id*. at 13-14.

WMATA is correct that its decisions regarding the "design" of its buses are governmental functions protected by sovereign immunity. *See Abdulwali v. Washington Metro. Area Transit Auth.*, 315 F.3d 302, 305 (D.C. Cir. 2003) (holding that "the Transit Authority's immunity bars" claims "alleging negligent design"); *Plater v. D.C. Dep't of Transp.*, 530 F. Supp. 2d 101, 104 (D.D.C. 2008) ("WMATA's design decision with respect to the bus shelters is [ ] protected by sovereign immunity"). Such decisions inherently involve some degree of "judgment, planning, or policy." *Banneker*, 798 F.3d at 1138.

Indeed, Plaintiff does not appear to dispute that claims related to WMATA's design decisions are barred by WMATA's sovereign immunity. Plaintiff argues instead that its allegations regarding the unlocked shutoff panels do not concern the "design" of WMATA's buses. Pl.'s Opp'n at 7. Plaintiff argues that "[i]t is not in essence the design of the panels that are in question. It is that they are unlocked. The design is irrelevant if they were locked," and "whether to lock or unlock is also part of the 'operation and maintenance' which is not subject to immunity." *Id*.

This argument is not convincing. Plaintiff's allegations regarding the use of unlocked shutoff panels directly challenge a design decision of WMATA. Plaintiff alleges that "anyone can disable the Metro bus, by merely opening an <u>unlocked</u> panel labeled in large capital letters, 'BATTERY DISCONNECT SWITCH INSIDE.'" Compl. ¶ 13. Plaintiff's complaint is not that the shutoff panels have locking mechanisms and a particular driver negligently failed to lock his bus's panel. Rather, Plaintiff's complaint is that WMATA decided not to "fit[ ]" its "buses with locks" at all. *Id*. ¶ 27. This alleged absence of any locking capability on the panels relates

directly to the design of WMATA buses.[3] WMATA's decision to design its buses in this fashion cannot be challenged in this Court. *Abdulwali,* 315 F.3d at 305 ("the Transit Authority's immunity bars" claims "alleging negligent design").

For these reasons, the Court GRANTS WMATA's Motion to Dismiss Plaintiff's claims to the extent those claims are premised in any way on WMATA's unlocked shutoff panels.[4]

### C. Plaintiff's Claims Premised On The Allegedly Negligent Actions of WMATA's Bus Driver

Plaintiff also argues that his Complaint should not be dismissed in its entirety because it contains several allegations regarding allegedly negligent actions of the WMATA bus driver that are unrelated to the use of the unlocked shutoff panels. Pl.'s Opp'n at 3. Plaintiff argues that these allegations do not relate to design decisions and are thus not barred by sovereign immunity. *Id.* at 5.

Plaintiff is correct that certain allegations in his Complaint are unrelated to WMATA's decision to equip its buses with unlocked shutoff panels. These include, for example, the allegations that after the bus lost power the bus driver left the bus without instructing the passengers, did not attempt to restore power to the bus, "abandoned" the bus, and did not report the incident to any authorities. Compl. ¶¶ 14-15, 30.

---

[3] The Court notes that WMATA relies substantially on an unpublished District of Maryland opinion as support for this proposition, which cannot be relied on as precedent. *Pierce v. Washington Metro. Area Transit Auth.*, No. CIV.A. DKC 09-1917, 2010 WL 4485826, at *5 (D. Md. Nov. 9, 2010) (in personal injury case where plaintiff's alleged injury was caused by WMATA facility's gate not being locked, holding that "Plaintiff's claims appear to challenge the design of the fence and gate" and were accordingly barred by WMATA's sovereign immunity).

[4] To the extent Plaintiff's claims are premised on language written on the shutoff panels, Compl. ¶ 13, the Court concludes that this too represents an attack on the design of WMATA's buses and is likewise barred.

WMATA argues that, to the extent Plaintiff's claims are based on these allegations, they should be dismissed because (1) they are also barred by WMATA's sovereign immunity and (2) Plaintiff cannot state a viable negligence claim based on the conduct of the WMATA bus driver. The Court rejects both arguments.

### 1. Plaintiff's Claims Premised On The Allegedly Negligent Actions of WMATA's Bus Driver Are Not Barred By WMATA's Sovereign Immunity

First, although WMATA states that Plaintiff's claims based on the actions of the WMATA bus driver "too [are] subject to WMATA's immunity defenses," Def.'s Reply at 5-6, WMATA fails to provide any supporting argument or case law for this assertion. To the contrary, the Court concludes such claims are outside the scope of WMATA's sovereign immunity.

A WMATA bus driver's allegedly negligent operation of a WMATA bus, unlike WMATA's design decisions regarding its buses, is "ministerial" conduct that is not subject to immunity. *See Dant v. D.C.*, 829 F.2d 69, 75 (D.C. Cir. 1987) ("Design is distinct from operation and maintenance. As we interpret the claim, 'operation and maintenance' involve ministerial rather than discretionary responsibilities and therefore are not shielded by WMATA's sovereign immunity."). As explained above, "[d]iscretionary duties generally 'involve[ ] judgment, planning, or policy decisions' and are immunized," whereas ministerial duties "involve[ ] enforcement or administration of a mandatory duty at the *operational level*." *Banneker*, 798 F.3d at 1138 (emphasis in original). The actions a WMATA bus driver does or does not take when a WMATA bus loses power do not involve a sovereign's "planning" or "policy." They are fundamentally "operational."

Accordingly, to the extent Plaintiff's claims are premised on negligent actions of the WMATA bus driver, unrelated to the design of the shutoff panels, those claims attack only "ministerial" conduct and thus are not barred by WMATA's sovereign immunity. Moreover, the

9

Court will not dismiss such claims simply because the Complaint also contains impermissible design claims. *See Robinson v. Washington Metro. Area Transit Auth.*, 858 F. Supp. 2d 33, 39 (D.D.C. 2012) (granting motion to dismiss claims against WMATA to the extent claims were premised on formation of bus policy, but denying motion to the extent claims were based on driver's allegedly negligent operation of the bus).

### 2. WMATA's Argument That Plaintiff Cannot State A Claim Based On The Negligence Of Its Driver Is Not Considered At This Time

Second, WMATA argues that Plaintiff is unable to plead the elements of his claims to the extent they are based on the actions of the WMATA bus driver. Specifically, WMATA argues that the bus driver had no duty to intervene with a criminal assault, that the assault was not foreseeable, and that, regardless, the driver's actions were not the proximate cause of Plaintiff's injury. Def.'s Reply at 6-8.

These arguments were raised for the first time in WMATA's Reply, leaving Plaintiff no opportunity to respond to them. Although not a model of clarity, Plaintiff's Complaint was sufficient to put WMATA on notice that Plaintiff's claims were based, at least in part, on certain actions of the WMATA bus driver that were unrelated to WMATA's use of unlocked shutoff panels. *See, e.g.*, Compl. ¶ 22 (alleging that WMATA breached its duty to its passengers through both its "a) [u]se of unlocked shutoff panels on its buses" *and* "b) [n]egligent actions and inactions, through its agent and employee bus driver"). Nonetheless, in its Motion, WMATA chose to treat Plaintiff's claims as though they were based solely on the design of the shutoff panels. Only in its Reply did WMATA argue that Plaintiff's pleadings were insufficient to state a negligence claim with regard to the driver's conduct. The Court will not consider these untimely arguments for the purposes of resolving this motion. *See Benton v. Laborers' Joint Training*

*Fund*, 121 F. Supp. 3d 41, 51 (D.D.C. 2015) ("[I]t is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief.").[5]

In sum, the Court DENIES WMATA's Motion to Dismiss Plaintiff's claims to the extent those claims are premised on the allegedly negligent actions of WMATA's bus driver that are unrelated to WMATA's use of the unlocked shutoff panels.

### D. Plaintiff's Request For Punitive Damages Is Barred By WMATA's Sovereign Immunity

Finally, WMATA argues that Plaintiff's request for punitive damages should be dismissed because punitive damages are barred by WMATA's sovereign immunity. Def.'s Mot. at 14. Plaintiff responds that, notwithstanding WMATA's sovereign immunity, the law provides for punitive damages against WMATA where "extraordinary circumstances" are present. Pl.'s Opp'n at 8.

The Court agrees with WMATA that Plaintiff's request for punitive damages is barred. As a general rule, WMATA's sovereign immunity bars claims against it for punitive damages. *See Wainwright v. Washington Metro. Area Transit Auth.*, 958 F. Supp. 6, 10 (D.D.C. 1997) ("punitive damages are unavailable against WMATA, even for torts arising out of its proprietary functions."). An exception to this immunity exists for cases where "extraordinary circumstances" are demonstrated, but the exception is narrowly construed and rarely applied. *See Rieser v. D.C.*, 563 F.2d 462, 481–82 (D.C. Cir. 1977), *opinion vacated on other grounds and reinstated in relevant part on reh'g*, 580 F.2d 647 (D.C. Cir. 1978) ("Even assuming

---

[5] Moreover, WMATA concedes that its bus drivers have a duty to protect passengers from foreseeable harm. Def.'s Reply at 7. Although WMATA raises a number of arguments in its Reply regarding the scope of that duty here, the foreseeability of the criminal assault at issue, and whether Plaintiff can demonstrate proximate causation, these are factual questions best reserved for summary judgment or trial, after a factual record has been developed.

11

arguendo that the conduct of the parole officers in the present case might show such flagrant disregard of the rights of others . . . we doubt that the conduct is sufficiently 'extraordinary' as to justify an award against the District"); *Lucero-Nelson v. Washington Metro. Area Transit Auth.*, 1 F. Supp. 2d 1, 11 (D.D.C. 1998) (holding that the "extraordinary circumstances" exception is "narrowly construed" and listing cases where courts refused to apply it). Courts in this District have held that no "extraordinary circumstances" were present in several negligence cases involving WMATA. *See, e.g.*, *Wainwright v. Washington Metro. Area Transit Auth.*, 903 F. Supp. 133, 137 (D.D.C. 1995) (holding that "WMATA's repeated disregard for known hazards" which allegedly led to plaintiff's foot becoming trapped and injured in a WMATA elevator did not rise to the level of extraordinary circumstances); *Teart v. Washington Metro. Area Transit Auth.*, 686 F. Supp. 12, 14 (D.D.C. 1988) (holding that WMATA's alleged failure to maintain or repair an escalator which electrocuted and killed a patron did not rise to the level of extraordinary circumstances).

Plaintiff offers no argument or legal authority to support his conclusory statement that the allegations in the Complaint present "extraordinary circumstances." Pl.'s Opp'n at 8. Plaintiff simply states that the law "allows for punitive damages under 'extraordinary circumstances'" and that the claim should accordingly be allowed to proceed "to determine whether those extraordinary circumstances existed." *Id*. at 8-9. Plaintiff has made no effort to explain how the facts stated in his Complaint present any extraordinary circumstances, and the Court does not find enough of a factual predicate in Plaintiff's Complaint to apply this narrow exception and allow a claim for punitive damages to go forward.

Accordingly, the Court GRANTS WMATA's Motion to Dismiss with regard to Plaintiff's request for punitive damages.

*     *     *

In sum, Plaintiff's claims, to the extent they are based on the unlocked shutoff panels on WMATA's buses, and Plaintiff's request for punitive damages, are barred by WMATA's sovereign immunity. Plaintiff's claims are not barred to the extent they are based on alleged negligent conduct of the WMATA bus driver unrelated to WMATA's use of the unlocked shutoff panels. WMATA's other arguments for dismissing Plaintiff's claims were raised for the first time in its Reply and will not be considered at this time. Plaintiff's Complaint is somewhat inartfully drawn, such that there are not separate counts for the separate factual predicates for Plaintiff's claims. However, going forward, Plaintiff may pursue its claims only to the extent they are based on negligent conduct of the WMATA driver in question and not related to WMATA's use of unlocked shutoff panels on its buses.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that WMATA's [5] Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

It is further ORDERED that WMATA's Motion is GRANTED with respect to Plaintiff's claims that are factually based on WMATA's use of unlocked shutoff panels on its buses and with respect to Plaintiff's request for punitive damages. These claims are DISMISSED.

It is further ORDERED that WMATA's Motion is DENIED with respect to Plaintiff's claims that are factually based on actions of the WMATA bus driver unrelated to WMATA's use of unlocked shutoff panels on its buses.

It is further ORDERED that WMATA shall file an answer in this matter by September 14, 2016. The Court will set an Initial Scheduling Conference by a separate order.

Dated: August 31, 2016

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge