# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EARL COATES,
    Plaintiff
v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY
    Defendant

Civil Action No. 15-2006 (CKK)

# MEMORANDUM OPINION
(March 8, 2018)

This case stems from a violent incident that occurred on a Washington Metropolitan Area Transit Authority ("WMATA") bus on August 21, 2015. Plaintiff Earl Coates alleges that armed gunmen approached the bus at a bus stop and turned off its power by accessing an unlocked "shutoff panel" on the bus's exterior. The gunmen then attacked the bus, firing multiple gunshots before fleeing. Plaintiff, a passenger on the bus, was struck twice and injured. He brings this lawsuit against WMATA asserting negligence-based causes of action.

Before the Court is Defendant WMATA's [22] Motion for Summary Judgment. WMATA argues that it is entitled to summary judgment because Plaintiff has not established a standard of care, nor a breach of a standard of care, and because the intervening criminal act that ultimately injured Plaintiff was not foreseeable. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court DENIES Defendant's Motion. Simply put, a

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mot. for Summary Judgment ("Def.'s Mot."), ECF No. 22;
- Pl.'s Opp'n to Mot. for Summary Judgment ("Pl.'s Opp'n"), ECF No. 23; and
- Def.'s Reply to Pl.'s Opp'n to Summary Judgment ("Def.'s Reply"), ECF No. 24.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

jury could interpret the evidence in this negligence case—including a video that captured the incident—in different ways. It is not a case that is susceptible to summary judgment.

## I. BACKGROUND

### A. Procedural History

Plaintiff originally filed this lawsuit in the Superior Court of the District of Columbia, but Defendant timely removed it to this Court. *See* Def.'s Notice of Removal, ECF No.1. Defendant then filed a motion to dismiss, which the Court granted-in-part and denied-in-part. *See Coates v. Washington Metro. Area Transit Auth.*, No. CV 15-2006 (CKK), 2016 WL 4543991 (D.D.C. Aug. 31, 2016). The Court agreed with Defendant that Plaintiff's claims were barred by the doctrine of sovereign immunity to the extent that they were premised on WMATA's use of unlocked shutoff panels on its buses. *Id.* at *3. The Court also agreed with WMATA that Plaintiff's request for punitive damages was barred. *Id.* at *6. However, the Court held that Plaintiff's Complaint also contained allegations regarding allegedly negligent actions of WMATA's bus driver, Mr. Kenny Lee Jackson, that were separate and distinct from WMATA's decision to use unlocked shutoff panels and, to the extent Plaintiff's claims were based on those allegations, they were not barred by WMATA's sovereign immunity. *Id.* at *4-5.

Accordingly, after the Court's Memorandum Opinion and Order on WMATA's motion to dismiss, all that remains in this case are Plaintiff's claims that are factually based on actions or inactions of the WMATA bus driver that are unrelated to WMATA's decision to use unlocked shutoff panels. Those include, for example, that the bus driver "left the bus leaving the door open and all the passengers on board in the dark," "made no attempt to turn on the power to the bus leaving all the passengers in peril," "was nowhere to be found at the time of shooting," took "no steps to turning back on the power to the bus that night after it was disabled, leaving the

passengers stranded," "facilitated someone to cause foreseeable harm to the passengers including the Plaintiff," "abandon[ed] the bus in an area that Defendant knew or should have known is a high crime area," and "took no steps to inform passengers of an emergency prior to leaving them to fend for themselves." Compl., ECF No. 1-3, ¶¶ 14, 15, 18, 30.

**B. Evidence in the Record Relating to Actions and Inactions of WMATA Bus Driver**

Discovery in this case has now closed. The pertinent portions of the record, which includes a video of the incident, can be summarized fairly briefly. Plaintiff was a passenger on a WMATA bus on the evening of August 21, 2015. Several men converged on the bus while it was stopped at a bus stop in Southeast, Washington D.C. One of those individuals cut the power to the bus from an outside shutoff panel. Without power, various devices such as the bus's silent alarm and phone ceased to function. The bus driver exited the bus without speaking to the passengers. On the video footage, he can be seen exiting and walking toward the rear of the bus with his cell phone on and in his hand. The video shows, and the driver confirmed at his deposition, that the driver never actually touched the bus's shutoff panel or any other exterior part of the bus after exiting. After pausing at the rear of the bus for a moment, and perhaps interacting with the individuals who had converged around the bus, the driver then begins to walk away from the bus while continuing to look down at his phone. After he has been walking away from the bus for a period of time, the driver hears gun shots and begins to run. The bus driver testified that he took shelter in nearby woods and called police. The driver eventually returned to the scene once police had arrived, and later filed a report about the incident.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). The mere existence of *some* factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record—including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence—in support of its position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *See Ass'n of Flight Attendants-CWA, AFL-CIO v. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in its favor. *Liberty Lobby*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

## III. DISCUSSION

The parties dispute whether Plaintiff has presented sufficient evidence of Defendant's negligence to survive summary judgment. "To prevail on a claim of negligence, a plaintiff must prove '(1) that the defendant owed a duty to the plaintiff, (2) breach of that duty, and (3) injury to the plaintiff that was proximately caused by the breach.'" *Night & Day Mgmt., LLC v. Butler*, 101 A.3d 1033, 1038 (D.C. 2014) (quoting *Hedgepeth v. Whitman Walker Clinic,* 22 A.3d 789, 793 (D.C. 2011) (en banc)). The Court will address each of Defendant's arguments about perceived evidentiary deficiencies in turn.

Defendant's first argument is that Plaintiff has not offered evidence of a duty or standard of care to which the WMATA bus driver was required to adhere. *See* Def.'s Mot. at 5. The Court disagrees. In support of this aspect of his case, Plaintiff has offered the testimony of Benjamin Singleton, WMATA's Federal Rule of Civil Procedure 30(b)(6) deponent who is a safety and training instructor for WMATA buses. Mr. Singleton testified at his deposition that WMATA bus drivers are instructed that, in an emergency when an unauthorized individual has accessed a bus's exterior shutoff panel and shut down the power to the bus, it is the driver's duty to exit the bus and turn the bus back on. *See* Depo. of Benjamin Singleton, ECF No. 23-2

5

("Singleton Depo."), at 22:19-22 (Q: "Now, once, the power is shut off, since you've said its an emergency, are the drivers instructed to turn the power back on?" A: "Yeah."); *id.* at 23:13-17 (Q: "So once the power is turned off on the outside by an unauthorized person, the procedure that Metro instructs the driver is to go back and turn the power back on; is that correct?" A: "Correct."). Plaintiff has also presented evidence that an official WMATA bus rule states that "Operators are expected to attend to minor mechanical corrections to buses" including "returning electrical master switches . . . to the on position following it being shut off by vandals." *See* Pl.'s Ex. 3, ECF No. 23-3.

This evidence is enough to allow Plaintiff to survive summary judgment with respect to the standard of care. As Defendant has not disputed in its briefing, WMATA rules governing the conduct of its employees can be used as evidence to establish the standard of care in negligence cases like the one before the Court. *See Washington Metro. Area Transit Auth. v. Young*, 731 A.2d 389, 398 (D.C. 1999) (holding that WMATA's Standards of Procedure were "evidence of the degree of care required under the circumstances"); *Robinson v. Washington Metro. Area Transit Auth.*, 676 A.2d 471, 473 (D.C. 1996) ("The parties agree that . . . the scope of WMATA's duty to a passenger is defined by its written directives to its employees"); *Washington Metro. Area Transit Auth. v. O'Neill*, 633 A.2d 834, 841 (D.C. 1993) (in case where "WMATA's safety rules restrict[ed] its drivers' discretion on what to do when a passenger is being harassed or threatened by another rider," holding that "the rules themselves provide evidence of the standard of reasonable care.").

Defendant's second argument is that Plaintiff has no evidence that the WMATA bus driver breached any duty or standard of care. It is Defendant's view that the driver acted reasonably and was attempting to restore power to the bus when he was prevented from doing so

6

by unruly third parties. Plaintiff disputes these assertions. It is Plaintiff's view that the video of the incident shows that—before the shooting—the bus driver had simply walked away from the bus without making any attempt to turn its power back on, negligently abandoning the bus and its riders.

With respect to the breach element of Plaintiff's claim, the key evidence is clearly the video of the incident. The Court has carefully reviewed that video and has determined that it can draw no conclusions about the appropriateness of the driver's conduct as a matter of law. It is sufficient for the purposes of this Memorandum Opinion to state that two jurors could view the video and reach different conclusions. Summary judgment is not appropriate. Defendant argues that WMATA bus drivers are not "law enforcement," and therefore cannot be expected to negotiate with, or otherwise "stand up to," criminals. Def.'s Mot. at 4, 6. However, Plaintiff's case is not based on a claim that the WMATA bus driver had such a duty. Plaintiff alleges that the driver acted negligently by exiting the bus and walking away instead of complying with his duty to turn on the bus's power from an outside switch. A jury could view the video in question and find for Plaintiff without finding that the driver had a duty to act as law enforcement or "stand up to" criminals.

Finally, Defendant argues that summary judgment is warranted because the intervening criminal act in this case was not foreseeable. Def.'s Mot. at 7. As the District of Columbia Court of Appeals has explained in this particular context:

> "A common carrier is required to protect its passengers against assault or interference with the peaceful completion of their journey." *Matthews v. Southern Ry. Sys.,* 81 U.S. App. D.C. 263, 264-65, 157 F.2d 609, 610-11 (1946). "If the danger of an intervening negligent or criminal act should have reasonably been anticipated and protected against, the defendant will be held responsible for the damages which result despite the entry of another act in the chain of causation." *St. Paul Fire & Marine Ins. Co. v.*

7

> *James G. Davis Constr. Corp.,* 350 A.2d 751, 752 (D.C.1976). It is true that, when the intervening act involves *criminal* rather than negligent conduct by a third party, "[t]he question is not simply whether a criminal act is foreseeable, but whether a *duty* exists to take measures to guard against it." *Cook v. Safeway Stores, Inc.,* 354 A.2d 507, 509 (D.C.1976) (citation and internal quotation marks omitted; emphasis in original). But where a special relationship exists, such as between a common carrier and its passengers, the carrier undeniably has a duty to protect its passengers from foreseeable harm arising from criminal conduct of others. Restatement (Second) of Torts § 314A(1)(a) and comments d, e; § 302B (1965).

*O'Neill*, 633 A.2d at 840.

There is evidence in the record that could support a jury finding that the intervening criminal act in this case was foreseeable. WMATA's Rule 30(b)(6) witness, Mr. Singleton, testified that he was aware that unauthorized assailants were turning off the power to WMATA buses as frequently as five to ten times per year. *See* Singleton Depo. at 22:3-18. In fact, these attacks were apparently happening with sufficient frequency that an official WMATA rule was crafted to respond to situations where "vandals" shut off the power to buses. *See* Pl.'s Ex. 3. In addition, the WMATA bus driver involved in this case testified at his deposition that he heard one of the individuals who had converged on the bus make a threatening remark to a passenger. *See* Depo. of Kenny Lee Jackson, ECF No. 22-4, at 40:3-41:3.

Considering all of this evidence in the light most favorable to Plaintiff, the Court concludes that summary judgment on the basis of the foreseeability of the intervening criminal act is not appropriate. Plaintiff claims that the WMATA bus driver acted negligently by failing to return power to the bus and instead merely walking away, leaving the bus both immobile and dark. Whether or not the bus driver could have foreseen—given what was known about this type of attack in general, and this attack specifically—that this alleged negligence might make possible, or even encourage, the criminal attack that harmed Plaintiff is a question for the jury.

*See Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 913-14 (D.C. Cir. 2006) (reversing summary judgment for the defendant dance club in a case alleging negligent failure to protect patrons from criminal attack by a third party outside the club, holding that the criminal act was sufficiently foreseeable because defendant was aware that fights had occurred outside the club in the past).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's [22] Motion for Summary Judgment. The evidence in this case is largely based on a video of the incident in question. Whether or not the conduct captured in that video amounts to negligence is not a question that this Court can answer as a matter of law. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge